UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY R. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 25-cv-06764 |
| | ) |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| KIKOFF INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff, Tracey R. Thompson, ("Plaintiff") filed a complaint against Defendant Kikoff, Inc.[1] ("Defendant"), alleging "the credit reporting" violation (the "Complaint"). Before the Court is Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendant's motion to dismiss [20] without prejudice.

**BACKGROUND**

The Court accepts the following facts as true for the purpose of resolving the motion to dismiss.

In March 2023, Plaintiff entered into a one-year contract with Defendant whereby Defendant would provide Plaintiff's "monthly reports" to two of the three credit reporting agencies ("CRAs"). While Plaintiff wanted a service that would report to all three CRAs, she ultimately decided to honor her one-year contract with Defendant. At the end of the one-year contract, Plaintiff requested that Defendant close her account in good standing, so she could move to another service provider that

---

[1] Defendant's motion indicates Plaintiff improperly named Defendant in her Complaint and that the entity's correct name is Kikoff Lending, LLC. For the sake of consistency, the Court refers to the name of the entity as outlined in the case caption.

1

would provide reports to all three CRAs. Plaintiff asserts that, approximately three weeks after closing her account, Defendant reported the status of her account to all three CRAs without notifying Plaintiff. Plaintiff claims that she contacted Defendant to express her concerns and that Defendant apologized and, thereafter, "updated their terms after closing [her] account."

Plaintiff alleges that Defendant's reporting to the three CRAS after her account closed is "a violation of the crediting reporting" and that such violation caused her intentional emotional stress and was bias. On or about May 5, 2025, Plaintiff filed her complaint in the Circuit Court of Cook County, which Defendant removed to this Court on or about June 18, 2025.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

Defendant argues that Plaintiff's Complaint fails to state a claim because she does not satisfy the statutory requirements under the Fair Credit Reporting Act ("FCRA"). The Court agrees. To start, the Complaint fails to specify which provision of the FCRA forms the basis of her claim. Even assuming Plaintiff asserts her FCRA under 15 U.S.C. § 1681s-2(b), as this the only provision that

2

allows private citizens to assert an FCRA claim against a furnisher, such as, Defendant, Plaintiff does not allege any facts to support this claim. To state a claim under Section 1681s-2(b), a plaintiff must allege facts that show "(1) the plaintiff disputed an inaccuracy by notifying a CRA; (2) the CRA contacted the furnisher to alert it to the dispute, and (3) the furnisher failed to adequately investigate and correct the allegedly inaccurate information in question." *MacDonald v. Servis One, Inc.,* No. 21 C 6070, 2022 WL 1641722, at *3 (N.D. Ill. May 24, 2022) (Kocoras, J.) There are no allegations that Plaintiff disputed an inaccuracy by notifying a CRA, that the CRA contacted Defendant to alert Defendant to the inaccuracy, or that Defendant failed to adequately investigate and correct the purported inaccuracy in question. Plaintiff merely alleges that, three weeks after closing her account, Defendant reported the closing to all three CRAs, instead of the two CRAs Defendant reported to throughout the one-year agreement. These facts do not support an FCRA violation. Plaintiff, therefore, fails to state an FCRA claim.

In Plaintiffs' response to Defendant's motion to dismiss, she alleges that her other claims – "malicious conduct, withholding of critical information, discrimination, and intentional infliction of emotional distress "– should not be dismissed. However, the Complaint merely states that "a violation of the credit reporting" caused her intentional emotional distress and was bias. There are no other causes of action asserted in the Complaint. While the Court may consider facts alleged in an opposition brief to a motion to dismiss "when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint," *Gutierrez v. Peters,* 111 F.3d 1364, 1367 n.2 (7th Cir. 1997), the Court finds the additional claims, asserted for the first time in Plaintiff's response brief, are inconsistent with the allegations in the Complaint. Consequently, the Court will not consider these new claims in its ruling. Even if the Court were to consider these additional claims, simply stating a cause of action does not satisfy the pleading standard. *See Khan v. Midwestern University,* 147 F.Supp.3d 718, 720 (N.D. Ill. Nov. 30, 2015) (Blakey, J.) ("Threadbare allegations and conclusory statements are

3

not sufficient to support a plausible cause of action."). While the Court must construe Plaintiff's claims liberally due to her *pro se* status, *see Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020), "[e]ven pro se plaintiffs are required to plead with a minimum of particularity." *Jenkins v. Lane,* No. 86 C 0059, 1989 WL 84474, at *8 (N.D. Ill. July 21, 1989) (Nordberg, J.)

**CONCLUSION**

For these reasons, the Court grants Defendant's motion to dismiss [20] without prejudice. If Plaintiff can cure the deficiencies in this Order, she may file an amended complaint in 21 days. If Plaintiff does not file an amended complaint in 21 days, the Complaint will be dismissed with prejudice. If the facts at issue remain the same, the Court cautions Plaintiff that the outcome ordered today may also be the same. The Court suggests that Plaintiff contact the William J. Hibbler Memorial *Pro Se* Assistance Program Help Desk to assist with determining the appropriate next steps. The 9/5/2025 hearing date is stricken.

**IT IS SO ORDERED.**

Date: 8/29/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge