**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TRACEY R. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-06764 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| KIKOFF LENDING, LLC, and | ) | |
| XINYI CHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

*Pro se* plaintiff Tracey R. Thompson ("Plaintiff") brings claims against the Kikoff Lending, LLC ("Kikoff") and Xinyi Chen ("Chen" and, together with Kikoff, "Defendants") alleging breach of contract and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the ICFA"). Before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint [26]. Plaintiff also filed a petition for leave to proceed *in forma pauperis* and for attorney representation. For the following reasons, the Court grants dismissal of Plaintiff's complaint for want of jurisdiction. Plaintiff's motions for leave to proceed *in forma pauperis* and for attorney representation are accordingly stricken as moot [40] [41].

**DISCUSSION**

Plaintiff filed this lawsuit originally in the Circuit Court of Cook County. Defendant removed this case to the United States District Court for the Northern District of Illinois in June 2025 as Plaintiff's claims arose from federal law, namely the Fair Credit Reporting Act ("FCRA"). *See* (Dkt. 1). The Court dismissed Plaintiff's complaint and granted leave for Plaintiff to file an amended complaint. Plaintiff's amended complaint includes only claims under the ICFA and state contract law.

1

As the Court dismissed Plaintiff's claim giving rise to federal question jurisdiction, Plaintiff now asserts that this Court has jurisdiction over his case pursuant to 28 U.S.C. § 1332. He alleges that the parties are completely diverse and that the amount in controversy in his case exceeds $75,000. However, Plaintiff does not adequately allege diversity jurisdiction. He states in his complaint that his "citizenship is based in the state of Illinois," and then simply that "[Kikoff's] … state of incorporation is not." He includes no allegations as to Chen's citizenship. It is well-established that a Plaintiff may not merely allege diversity of citizenship without identifying the defendants' states of citizenship. *McCready v. eBay, Inc.*, 453 F.3d 882, 890–91 (7th Cir. 2006); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) (finding the bare assertion that the defendants are citizens of "another state different from the Plaintiff" inadequate to establish diversity jurisdiction).

When all the of the claims in a case giving rise to original jurisdiction have been resolved, a district court maintains subject matter jurisdiction over claims that fall within its supplemental jurisdiction under 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline jurisdiction is within the Court's discretion. *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)).

Generally, district courts should relinquish jurisdiction over state law claims that remain after the dismissal of federal claims, unless any of the following three circumstances exists: "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). None of these circumstances exist here. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and in its discretion dismisses his complaint.

2

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion and dismisses the remaining counts of Plaintiff's complaint without prejudice, so that he may refile them in state court if he chooses. The period of limitations for the claims asserted in Plaintiffs' complaint is tolled for the time the claim has been pending, and for an additional 30 days after dismissal by this Court unless state law allows for a longer tolling period. *See* 28 U.S.C. § 1367(d).

The Court additionally strikes Plaintiff's motions for leave to file to proceed *in forma pauperis* and for attorney representation.

**IT IS SO ORDERED.**

Date: 5/11/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

3